Matter of Bonilla v NYS Dept. of Motor Vehs. (2023 NY Slip Op 02585)

Matter of Bonilla v NYS Dept. of Motor Vehs.

2023 NY Slip Op 02585

Decided on May 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 11, 2023

Before: Singh, J.P., González, Kennedy, Shulman, JJ. 

Index No. 150148/22 Appeal No. 236 Case No. 2022-00959 

[*1]In the Matter of Andres Bonilla, Petitioner,
v
NYS Department of Motor Vehicles, Respondent. 

Talkin, Muccigrossso & Roberts, LLP, New York (Noam Greenspan of counsel), for petitioner.
Letitia James, Attorney General, New York (Anthony R. Raduazo of counsel), for respondent.

Determination of respondent New York State Department of Motor Vehicles, dated October 26, 2021, which affirmed an Administrative Law Judge's (ALJ) determination revoking petitioner's driver's license based on findings that petitioner violated Vehicle and Traffic Law §§ 1146(a) and 1160(c) and New York City Traffic Rules and Regulations (34 RCNY) § 4-03(a)(1)(i), unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [W. Franc Perry, J.], entered February 16, 2022), dismissed, without costs.
Substantial evidence supports respondent's determination that clear and convincing evidence demonstrates that petitioner failed to exercise due care in violation of Vehicle and Traffic Law § 1146(a) when his vehicle struck and killed a pedestrian lawfully in the crosswalk, with the signal in her favor, on the northbound side of Broadway at its intersection with 61st Street (see Matter of Seon v New York State Dept. of Motor Vehs., 35 NY3d 1032 [2020]). The ALJ reasonably credited police reports stating that the pedestrian had been crossing Broadway from east to west, over petitioner's testimony that she had been crossing from west to east, given petitioner's acknowledgement that he "did not see her walking" but rather "guess[ed]" at her direction of travel based on the presence of a known blind spot on the driver's side of his vehicle (see Matter of Gibbs v New York State Dept. of Motor Vehs., 175 AD3d 1217, 1218 [1st Dept 2019]).
Substantial evidence also supports respondent's determination that petitioner, when making a left turn, failed to "leave the intersection, as nearly as practicable, in the left-hand lane," in violation of Vehicle and Traffic Law § 1160(c). Petitioner conceded that he was "heading toward the middle lane" of Broadway, and he cites no authority in support of his argument that no violation occurred because he struck the pedestrian before successfully completing the turn. The record does not support petitioner's contention that the intersection's acute angle made entry into the left lane impracticable.
Respondent permissibly cited 34 RCNY 4-03(a)(1) as an additional basis for petitioner's penalty (see Vehicle and Traffic Law § 510[3][a] [authorizing DMV to revoke or suspend a license "for any violation of the provisions of this chapter . . . or for any violation of a local ordinance or regulation prohibiting dangerous driving as shall, in the discretion of the officer acting hereunder, justify such revocation or suspension"]; 34 RCNY 4-03[a][1][i] [requiring turning drivers to "yield the right of way . . . to pedestrians lawfully within the intersection or an adjacent crosswalk"]).
The revocation of petitioner's license with permission to apply for a new license after 30 days based on a finding of failure to exercise due care which caused a pedestrian's death is not "so disproportionate to the offense . . . as to be [*2]shocking to one's sense of fairness" (Matter of Kreisler v New York City Tr. Auth., 2 NY3d 775, 776 [2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2023